CLARKE *v.* MERRILL.

In an action under the landlord and tenant act, it appeared that the defendant was in under a lease from a former owner for five years from and after October 17, 1865, with the right to extend this lease "five years longer if the said lessee shall so elect at the expiration of said term." This lease was not recorded. June 20, 1870, the plaintiff obtained a lease of the same premises for the term of twelve years, made subject by express terms to the defendant's lease, and the plaintiff knew what the defendant's rights were under that lease. On October 17, 1870, the plaintiff had actual knowledge that it was the intention of the defendant to extend his lease for the remaining five years, though no formal notice of such election was given him by the defendant till four days later.

*Held*, that the defendant's unrecorded lease was good as between him and the plaintiff;—*held*, also, that inasmuch as no form of notice of the defendant's election to occupy the additional five years was stipulated for in the lease, the plaintiff's actual knowledge that he did so elect was sufficient.

ACTION, by John B. Clarke against Samuel C. Merrill, under the landlord and tenant act, to recover possession of a lot of land in Manchester. The writ, returnable to the police court of Manchester, was dated November 1, 1870. In the police court the defendant pleaded that, August 28, 1863, one Whittemore owned the lot and leased it to the defendant for five years from October 17, 1865, with the right to extend said lease five years longer if the defendant should so elect at the expiration of said term ; and that the defendant did so elect to extend said lease for five years longer, by reason whereof the defendant entered, and was and still is in possession of said premises. Whereupon no further proceedings were had in the police court, and the action was entered in this court, where the plaintiff replied that the defendant, at the expiration of said term of five years of the lease in said plea mentioned, to wit, on the 17th day of October, 1870, did not elect to extend the said lease for the term of five years longer, as in said plea is alleged ; and issue was joined.

By agreement of parties the case was tried by the court, and a case reserved upon the following facts found by the court : By a lease dated August 28, 1863, said Whittemore, then the owner of the lot, leased it to the defendant for " five years from and after October 17, 1865, with the right to extend this lease five years longer, if the said lessee shall so elect at the expiration of said term, the said lessee paying therefor the yearly rent of $200 to the lessor, ' on the 17th day of October in each year,' at the end of each year during the term, and for such further time as the lessee may hold the same." This lease was acknowledged on the day of its date, but was not recorded. June 20, 1870, Whittemore conveyed the lot to Sarah S. Pattee, wife of Luther Pattee, " subject to a lease to one S. C. Merrill for five years from the 17th day of October, 1870, if said Merrill shall so elect, reference to said lease being had for a full explanation of the same." At the same time, Whittemore assigned to said Sarah his interest in his said lease made to the defendant. On the same day, June 20, 1870, said Sarah and her husband leased the lot to the plaintiff for the term of twelve years then next ensuing, " subject to a lease from one James C. Whittemore to Samuel C. Merrill for five years from the 17th day of October, 1870, if the said Merrill so elects, according to the terms of said lease ;" and the lessor covenanted to convey the lot to the plaintiff for a certain price, at any time during the existence of this lease when requested ; and the lessors further agreed " that the amount of rent payable by the said Merrill according to the terms of said lease to him, and all the covenants therein contained, shall inure to the use and benefit of him the said Clarke." This lease to the plaintiff was acknowledged on the day of its date, and recorded June 22, 1870. The lot was covered by a building which was burned July 8, 1870. March 10, 1870, Whittemore asked the defendant if he was going to continue for the second five years, and the defendant replied,—Yes. The defendant had notice of Whittemore's conveyance and assignment to Mrs. Pattee, and of the lease from Mrs. Pattee and her husband to the plaintiff.

After the fire, there were various negotiations between Mr. Pattee and the plaintiff and the defendant in relation to rebuilding on the lot. In a week or two after the fire, the defendant employed men to clean the bricks of the burnt building on the lot; and at various times afterwards, until after October 17, 1870, they continued to clean the bricks on the lot in the employment of the defendant.    October 13, 1870, the negotiations in relation to rebuilding were terminated by the plaintiff refusing to have anything to do with it.    From March 10, 1870, to said October 13, the defendant intended to occupy the lot as tenant under his lease for five years after October 17, 1870, unless some new arrangement should be made by which Whittemore or Pattee should rebuild, which has not been made.    From October 13, 1870, to the present time, the defendant has intended to occupy the lot as tenant under his lease for five years after October 17, 1870.    The plaintiff understood from circumstantial evidence what the defendant's intention was before October 13, and what it was after that time, and the defendant supposed that the plaintiff understood what the defendant's intention was.    Said circumstantial evidence consisted of the part taken by the defendant in said negotiations, and the defendant's conduct in causing said bricks to be cleaned.    The plaintiff was not notified of the defendant's intention to extend the lease for five years from October 17, 1870, unless the plaintiff's said understanding thereof, derived by inference solely from said circumstantial evidence, was notice, or knowledge equivalent to notice, or unless other facts stated in this case are, in law, equivalent to notice.

It did not occur to the defendant until October 21, 1870, that it might be necessary or expedient to give any one a formal notice of his election to extend his lease.    The plaintiff understood that, as matter of law, the defendant could elect to extend his lease only by a formal notice to the plaintiff; and the plaintiff believed the fact to be, as it was, that the defendant did not so understand the law, and had not had his attention called to that point.    The plaintiff was aware that men were on the lot cleaning bricks for the defendant, and October 21 the plaintiff ordered the men away, and informed the defendant that he claimed possession of the lot on the ground that the defendant had not elected to extend his lease.

From October 13 to October 21, the plaintiff and the defendant had no negotiation or conversation in relation to the premises.    October 22, each party gave the other a written notice—the defendant notifying the plaintiffs, Whittemore and Pattee, of the defendant's election to extend his lease—and the plaintiff notifying the defendant, under the landlord and tenant act, to quit the premises.

Upon these facts the court are to render judgment.    All papers relating to the subject may be referred to in argument.

*I. W. Smith* and *S. N. Bell*, for the plaintiff.

*Cross & Burnham*, for the defendant.

LADD, J. The lease was a sufficient lease for ten years from October 17, 1865, at the election of the lessee ; and the second five years of the term was not created by the election, but by grant of the original lessor, Whittemore. *Hall* v. *Spaulding*, 42 N. H. 259 ; *Ranlet* v. *Cook*, 44 N. H. 512.

This plaintiff is not in a position to claim that the lease is invalid as to him for want of record. He had full notice of its existence, and of the defendant's rights under it, at the time he took his own lease—June 20, 1870—which was expressly made subject to that of the defendant.

Under these circumstances, to hold that his rights against the defendant are larger than those of the original lessor, Whittemore, would be to disregard a very well known and elementary principal of law, as well as to overrule repeated adjudications of our own court.

The lease to the defendant was in terms for five years, with the right to extend the term five years more " if the lessee shall so elect at the expiration of said term." Nothing is said about notice to the lessor of the election, whether it was to be verbal or in writing, whether by words or acts.

Suppose the lessee at the expiration of the first five years had quit the premises, sent the key to the landlord, and left the country, would there be any difficulty in holding such acts to be sufficient notice of his intention not to occupy or pay rent for another five years ? On the other hand, why was not his continuing in the possession equally significant and equally effective as notice of his purpose to extend the lease and occupy for the remaining five years ? See *Ranlet* v. *Cook*, cited above.

But it is not necessary to go so far as that, for the case finds that from March 10, 1870, to the time of the trial, January term, 1871, the defendant intended to occupy the lot as tenant under his lease for five years from October 17, 1870, and that the plaintiff, both before and after October 13, 1870, understood such to be his intention.

What more was wanted ? We are not aware of any particular form of notice required by law in such cases, the controlling consideration being, what was the understanding and intent of the parties (*Doe* v. *Morse*, 1 B. & Ad. 365 ; *Doe* v. *Noden*, 2 Esp. 530 ; *Doe* v. *Biggs*, 1 Taunt. 367); and no particular form is stipulated for in the lease. It does not seem, therefore, to have been one of the plaintiff's legal rights that knowledge of the defendant's election should be conveyed to him in any one given form more than another.

We do not say that it was necessary to the validity of the lease for five years more that the defendant should give the plaintiff formal notice of his intention at all, except by continuing his occupation. Nor do we say that an election made in his own mind, at the end of the first five years, and formal notice thereof five days afterwards, would not be sufficient. It is not necessary to consider these points, because it is clear enough that no legal right of the plaintiff is infringed by holding that his knowledge of the defendant's intention was sufficient, without regard to the exact form in which that knowledge was conveyed to him. *Judgment for the defendant.*